UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PETER KUZMENKO, <br><br> Defendant. | No. 2:11-cr-00210-DAD <br><br> ORDER DENYING DEFENDANT PETER KUZMENKO'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) <br><br> (Doc. No. 1193) |

Pending before the court is defendant Peter Kuzmenko's August 25, 2023, pro se motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 1193.)  The motion is based upon the defendant's contentions that:  (1) he should receive consideration for the approximately 29 months he was on electronically monitored pretrial release before his bail was revoked; (2) accounting for good time credits, he has served approximately 50% of his originally imposed 228-month aggregate sentence of imprisonment; (3) his original sentence was a harsh one given the nature of his crimes of conviction; (4) he has programmed effectively while imprisoned during which time he has compiled an exemplary disciplinary record; and (5) he has the support of his family and, since 2020 at least, is a changed man who is now remorseful and penitent.  (Doc. Nos. 1193, 1199.)

For the reasons set forth below, defendant's motion for a reduction of his sentence will be denied.

# BACKGROUND

On May 12, 2011, defendant Peter Kuzmenko, along with seven co-defendants, was charged in a 30 count indictment with wire fraud, mail fraud, money laundering, and engaging in monetary transactions with criminally derived property in connection with a large scale mortgage fraud scheme.[1]  (Doc. No. 14.)  After initially being ordered detained (Doc. Nos. 56, 61), on September 27, 2011, defendant was ordered released on bond with conditions of release under Pretrial Services supervision.  (Doc. No. 101.)  On June 19, 2014, defendant was found in violation of the conditions of his pretrial release, bail was revoked and he was ordered detained as a danger.  (Doc. Nos. 257–59.)

On February 13, 2015, following a 21-day jury trial, defendant Peter Kuzmenko was found guilty of 14 counts of wire fraud, 2 counts of mail fraud, and 3 counts of money laundering.  (Doc. Nos. 444, 455.)  On October 20, 2015, the previously assigned district judge sentenced defendant to an aggregate term of imprisonment in this case of 228 months in the custody of the U.S. Bureau of Prisons ("BOP"), followed by a 36-month term of supervised release (to become unsupervised if deported).  (Doc. Nos. 578, 645.)  Defendant appealed from his judgment of conviction (Doc. No. 647) and, on May 29, 2019, his judgment of conviction was affirmed in all respects, including the district court's estimated loss calculation for sentencing guideline purposes.  (Doc. Nos. 968, 971.)

/////

/////

/////

/////

---

[1] A superseding indictment was returned on November 3, 2011, adding two additional defendants and naming Peter Kuzmenko in 28 of the 33 counts alleged.  (Doc. No. 123.)  The charged scheme was extensive and essentially involved telling lenders that buyers were paying more than the actual purchase price for houses and then skimming off the extra money to shell accounts for distribution to the co-schemers.  Not surprisingly, numerous false statements, representations and documents were employed by the defendants as part of the scheme.  Defendant Peter Kuzmenko was identified as one of the managers and supervisors of the scheme, which involved at least 38 fraudulent property sales.

On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 1177.) Exactly a year later, on August 25, 2023, defendant Peter Kuzmenko filed the pending pro se motion for compassionate release.[2] (Doc. No. 1193.) On September 27, 2023, the government filed its opposition to the motion. (Doc. No. 1198.) On November 9, 2023, defendant filed his reply. (Doc. No. 1199.)

Defendant is currently in the custody of the BOP and is serving his sentence at FCI Ray Brook, with a projected release date of December 8, 2032. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 19, 2024).

## LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of these exceptions is that a court is authorized to modify an imposed term of imprisonment in response to a motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. *See Keller*, 2 F.4th at 1281. In relevant part, that statute provides that the court may

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[2] Defendant Peter Kuzmenko has also filed the same motion for sentence reduction or compassionate release in two other cases over which District Judge Troy L. Nunley of this court is presiding. *See* 2:11-cr-00450 TLN and 2:14-cr-00044 TLN. In the first of those two cases, defendant was convicted following a jury trial of conspiracy to commit wire fraud and sentenced to a 71-month term of imprisonment with 24 months of that term to run consecutive to the term of imprisonment imposed in this case and the remainder to run concurrently. In 2:14-cr-00044 TLN defendant entered a plea of guilty to the charge of conspiracy to defraud the United States in connection with tax fraud and was sentenced to a 78-month term of imprisonment with all of that term to run concurrent with the terms of imprisonment imposed in the other two cases. This order will not address defendant's motion for sentence reduction brought in the two cases assigned to Judge Nunley who will address those motions by separate order.

>bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[3]  To grant compassionate release under § 3582(c)(1)(A), a district court must conclude that the moving defendant satisfies all three predicates required by that provision. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). As the Ninth Circuit has explained:

>First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with *applicable* policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case."

*Id.* (internal citations omitted). "Although a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284.

The applicable policy statement for compassionate release in the United States Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. "Section 1B1.13 provides that extraordinary and compelling reasons for a reduction in sentence exist under any of six enumerated circumstances, or a combination thereof, relating to: (1) the medical circumstances

---

[3] In addition to the "extraordinary and compelling reasons" criteria, compassionate release may also be warranted where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed . . ., and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). This provision, however, is clearly not applicable here.

of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of similar gravity; and (6) an unusually long sentence." *United States v. Ramirez-Suarez*, No. 16-cr-00124-BLF, 2024 WL 1485859, at *4 (N.D. Cal. Apr. 5, 2024) (citing U.S.S.G. § 1B1.13); *see also United States v. Brugnara*, No. 14-cr-00306-WHA, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024) ("Applying the reasoning in *Aruda* to the present iteration of 1B1.13, this order finds that, as of November 1, [2023,] it is an "applicable policy statement" for motions filed by a defendant and, as a result, binds the district court's analysis."); *United States v. Rodriguez*, No. 17-cr-00215-GPC, 2024 WL 1268156, at *2 (S.D. Cal. Mar. 25, 2024) (explaining that "amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP" and is therefore "binding on this court's consideration of [the defendant's] motion for compassionate release"); *United States v. Wentworth*, No. 19-cr-00388-CRB, 2024 WL 1470534, at *2 (N.D. Cal. Apr. 3, 2024) ("Effective November 1, 2023, courts are required to abide by this Sentencing Commission policy statement, which lists six categories of circumstances that may constitute extraordinary and compelling reasons, when evaluating a § 3582(c) motion for compassionate release") (quoting U.S.S.G. § 1B1.13) (internal quotation marks omitted); *United States v. Morales*, No. 2:16-cr-00241-KJM, 2024 WL 967658, at *2 (E.D. Cal. Mar. 6, 2024) (applying the policy statement U.S.S.G. § 1B1.13 as amended); *United States v. Wise*, No. 12-cr-00111-EMC-1, 2024 WL 170765, at *1 (N.D. Cal. Jan. 16, 2024) (same).[4]

Lastly, regardless of which category of extraordinary and compelling reasons exist, in order to grant relief requested under 18 U.S.C. § 3582(c)(1)(A), the court must also determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that "the reduction is consistent with" the § 1B1.13 policy statement. U.S.S.G. § 1B1.13(a)(2), (3).

/////

---

[4] Even were the amended version of § 1B1.13 not to be binding but only as informing of the court's discretion in considering motions filed pursuant to § 3582 by defendants, the disposition of this motion would not be impacted.

5

Finally, it is important to note that the defendant bears the burden to establish their "eligibility for compassionate release." *Wright*, 46 F.4th at 951.

## ANALYSIS

### A.  Administrative Exhaustion

Here, the parties do not dispute that defendant has exhausted his administrative remedies prior to filing the pending § 3582 motion. (Doc. Nos. 1193 at 6; 1198 at 7.) Accordingly, the court will turn to the merits of the motion.

### B.  Extraordinary and Compelling Reasons

Above the court has identified the circumstances defendant Peter Kuzmenko has identified as being extraordinary and compelling reasons justifying the reduction of the sentence imposed by the district judge who presided over the trial of this case. In short, defendant points to his 29 months of electronically monitored pretrial release before revocation of that release order due to his violation of conditions, his acquittal at trial on 10 of the counts in which he was charged, his positive programming since his imprisonment, the fact that he has now served over half of his sentence taking good time credits into account, his disciplinary record during his imprisonment, his post-sentencing rehabilitation (especially since 2020) during which he has become remorseful and penitent such that his accelerated release from confinement would pose no danger to society, and the strong support of his family. (Doc. No. 1193 at 2–3, 7–12.)

The government takes issue with the contention that these factors are extraordinary and compelling or that they in fact support a reduction of defendant's sentence. (Doc. No. 1198.) Specifically, the government points out that defendant Peter Kuzmenko violated the terms and conditions of his pretrial release in June 2014 when he overdosed on opiates at his family home and had his pretrial release revoked. (Doc. No. 1198 at 6–7, 11.) In addition, the government notes that defendant's disciplinary record while in BOP custody is far from exemplary since it includes disciplinary convictions for, among other things, possession of a dangerous weapon, drug and intoxicant possession and assault, resulting in his loss of 273 days of good time credits. (*Id*. at 7.) Next, the government disputes any suggestion by defendant that the counts upon which he was acquitted at trial nonetheless adversely impacted the sentence imposed, specifically in the

determination of the estimated loss amount under the sentencing guidelines. (*Id.*) In this regard the government notes that the sentencing judge's determination of an estimated loss amount of $16,719,736 for guideline purposes was specifically affirmed by the Ninth Circuit on appeal. (*Id.* at 11.) The government also argues that successfully programming in BOP custody during a lengthy period of incarceration is neither extraordinary or compelling. (*Id.* at 11–12.) Finally, the government asserts that were the court to consider the § 3553(a) factors, those factors do not support a reduction of sentence in this case due to seriousness of the defendant's criminal conduct (a massive fraud scheme) and his extensive criminal record. (*Id.* at 13–14.) The court finds the government's arguments to be persuasive.

As noted above, U.S.S.G. § 1B1.13 identifies six circumstances that may, alone or in combination, be found to be extraordinary and compelling reasons supporting a reduction in a previously imposed sentence: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of similar gravity; and (6) an unusually long sentence. Here, defendant makes no mention of his medical circumstances, his age (now 46), or of any abuse while in confinement. Accordingly, none of these circumstances provide extraordinary and compelling reasons to reduce the sentence imposed.

In his motion, defendant Kuzmenko does make passing reference to his wife and their children (Doc. Nos. 1193 at 12, 1199 at 3) and they have written letters to the court supporting defendant's request for a reduction in his sentence (Doc. No. 1193 at 71–76.) But hardship and pain suffered by a criminal defendant's family due to the service of a lengthy term of imprisonment is, unfortunately, not out of the ordinary. Rather it is very often the case that the defendant's family suffers the most. Certainly this circumstance alone does not provide a basis for a sentence reduction. *See United States v. Lopez*, No. 16-20085-JWL, 2022 WL 579256, at *2 (D. Kan. Feb. 25, 2022) (denying a defendant's motion for a sentence reduction under § 3582, noting that '[d]efendant does not suggest that any of his family members need medical care or are ailing in any respect"); *United States v. Williamson*, 1:06CR474-1, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021) ("It is not unusual for defendants' families to bear the burden of

incarceration, as [defendant] describes of his family."); *United States v. Scott*, 461 F. Supp. 3d 851, 863–64 (E.D. Wis. 2020) (denying a motion for compassionate release, observing that while the defendant "would no doubt like to spend time with" family members, "that is also likely true of most prisoners" and defendant had not established that his situation was extraordinary).

Defendant Kuzmenko also appears to suggest that his sentence was an unusually long one given the nature of his crimes of conviction and that this provides a justification for the reduction of the 228-month sentence of imprisonment imposed in his case. (Doc. No. 1193 at 3.) The court agrees that a 19-year prison sentence is a long one. However, it is not an unusually long one given the facts of this case. The court notes that based upon the sentencing judge's finding of an estimated loss amount of over $16 million, defendant Peter Kuzmenko's role as a manager or supervisor of the extensive criminal scheme, and the absence of acceptance of responsibility, the defendant's adjusted offense level was determined to be 33. (Doc. No. 539 at 13–14, 26.) With a criminal history score of 17, placing him in category VI, the resulting sentencing guideline range called for a prison sentence of between 235 and 293 months. (*Id*. at 14–17, 26.) The government at sentencing argued for a mid-guideline range sentence of 263 months. (Doc. No. 557 at 5.) In light of the extensive criminal conduct of the defendant and the estimated loss amount of over $16 million dollars, the below-guidelines sentence imposed cannot be fairly characterized as unusually long. *See United States v. Villarreal*, No. 8-cr-1332-JAH-2, 2022 WL 874967, at *7–8 (S.D. Cal. Mar. 24, 2022).

Finally, defendant contends that his post offense rehabilitation, particularly since 2020, as evidenced by his extensive programming and lack of disciplinary record in BOP custody is an extraordinary and compelling reason to reduce his sentence. (Doc. No. 1193 at 3, 10; 1199 at 2, 4.) First, the government has effectively rebutted any suggestion that defendant's disciplinary record in BOP custody is "crystal clear." Second, while defendant is to be commended for his programming success while imprisoned, particularly in more recent times, such rehabilitation efforts alone do not satisfy the "extraordinary and compelling" legal standard governing motions for compassionate release. *See United States v. Arellano-Felix*, No. 97-cr-2520-LAB-1, 2023 WL 1487293, at *4 (S.D. Cal. Jan. 31, 2023); *United States v. Navarro-Pinones*, No. 20-cr-00317-

1  JSW-9, 2022 WL 2441561, at *1 (N.D. Cal. July 5, 2022); *United States v. Rodriguez*, 424 F.

2  Supp. 3d 674, 681 (N.D. Cal. 2019); *see also United States v. Beltran-Aguilar*, No. 08-20106-01-

3  KHV, 2024 WL 3677492, at *3–4 (D. Kan. Aug. 5, 2024) ("Defendant has completed a number

4  of classes and made some progress toward rehabilitation.  Even so, defendant's rehabilitation

5  efforts in combination with his other stated reasons do not constitute an extraordinary and

6  compelling reason for relief . . . .").[5]

7       For all of these reasons, the court concludes that defendant has not met his burden of

8  demonstrating that any extraordinary and compelling reasons exist warranting a reduction of his

9  sentence pursuant to § 3582 (c)(1)(A).  Therefore, his motion for compassionate release will be

10 denied.

11      Having determined that defendant Peter Kuzmenko has not established extraordinary and

12 compelling reasons, the court need not address the parties' arguments with regard to the

13 sentencing factors set forth in 18 U.S.C. § 3553(a) and whether defendant poses a danger to

14 public safety.  *See Keller*, 2 F.4th at 1284.  However, were the court to consider those arguments

15 it would conclude, for the reasons already explained above, that consideration of the § 3553(a)

16 factors also does not support the granting of the requested relief in this case.

17 /////

---

[5] Defendant Kuzmenko's other grounds also fail to satisfy the governing extraordinary and compelling reason standard.  Again, his suggestion that the loss amount determination in his case was improperly based upon conduct for which he was acquitted is clearly unavailing because the Ninth Circuit specifically affirmed the sentencing judge's estimated loss determination.  (Doc. No. 968 at 6–7.)  In addition, defendant's repeated contention that he should have received credit toward his sentence for the 29 months he spent on electronically monitored pretrial supervision before his bail was revoked for violating the conditions of his release is completely unpersuasive.  First, as a matter of law defendant was not entitled to such credits toward his sentence.  *See United States v. Bailey*, No. ELH-20-0383, 2024 WL 1299363, at *4 (D. Md. Mar. 27, 2024) ("[D]efendant argues . . . that the Court erred by failing to reduce his sentence based on the period of time that he spent on pretrial release with electronic home monitoring. . . . The defendant is not entitled to credit toward his sentence on the basis of the alleged difficult conditions of pretrial release."); 8 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences . . . .") (emphasis added).  Second, the sentencing judge was aware at the time of defendant's sentencing that he had served 29 months on pretrial supervision and imposed a below guideline range sentence.

9

**CONCLUSION**

Because defendant Peter Kuzmenko has failed to demonstrate that "extraordinary and compelling" reasons exist justifying his release under 18 U.S.C. § 3582(c)(1)(A), his motion for compassionate release (Doc. No. 1193) is denied.

IT IS SO ORDERED.

Dated:   **August 21, 2024**                    /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE